IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) ) ) | |
| v. | ) ) | 3-08-CV-1013-G |
| ROBERT WAYNE TEDDER, ET AL | ) | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order of reference filed on September 29, 2009, on October 29, 2009, came on to be heard Defendant Gregory Carl Gunn's motion for sanctions filed on September 18, 2009, and having reviewed the relevant pleadings and having considered the statements and arguments of counsel, the magistrate judge finds and recommends as follows:[1]

Defendant's motion is predicated on the S.E.C.'s tardy compliance with the initial disclosure requirements of Rule 26(a)(1). It is undisputed that all records in the possession of the S.E.C. were not immediately forthcoming which was caused in part by the initial failure of an employee to include all documents in a CD format. There is no basis to find that this failure was willful. It further appears that all documents in the S.E.C.'s possession, including those provided to the S.E.C. by third parties have been produced.

Defendant Gregory Carl Gunn did not serve a Rule 34 request on the S.E.C. The production of documents which the S.E.C. has provided exceeds the disclosure requirements of Rule 26(a)(1)(A)(ii) and when deficiencies in the CD format were discovered corrections were voluntarily

---

[1] Defendant's motion seeks a dismissal of the S.E.C.'s complaint as it relates to him with prejudice. Since the relief sought is case dispositive and the parties have not consented to my jurisdiction pursuant to 28 U.S.C. § 636(c), my authority is limited to the filing of a recommendation. *See* 28 U.S.C. § 636(b)(1)(B) and (C).

made. The S.E.C. has also agreed to trial stipulations including stipulating the authenticity of documents which Defendant Gunn intends to offer.

Despite Defendant's claim of prejudice, any hardship which may be visited on him by the gaps and delays in document production by Plaintiff is more reasonably addressed by a continuation of the current trial setting. Whether Defendant can show any prejudice to his defense to the charge of insider trading is one that is more appropriately left to the District Court's determination. The Fifth Circuit has repeatedly held that the ultimate sanction of dismissal of a complaint or the entry of a default judgment is available only in those instances in which the offending party has repeatedly disregarded obligations imposed by the Federal Rules of Civil Procedure or has failed to comply with orders of the court. Any shortcomings of Plaintiff in the present action do not constitute the type of conduct which warrants the ultimate sanction of dismissal, particularly since it appears that prejudice, if any, can be remedied by other means.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that Defendant Gregory Carl Gunn's motion for sanctions be denied.

A copy of this recommendation will be mailed to counsel for the parties.

Signed this 29th day of October, 2009

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner

2

provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).